

**NUMBER 13-10-000133-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN RE: LINDA FLORES

---

### On Petition for Writ of Mandamus and
### Motion to Stay Proceedings.

---

### MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Per Curiam Memorandum Opinion[1]

Relator, Linda Flores, filed a petition for writ of mandamus and a motion to stay proceedings in the above cause on March 17, 2010. Through this original proceeding, Flores seeks to "enjoin" the trial court from "enforcing" that part of an order requiring relator to "remove herself and her possessions from the property on or before 12:00 a.m. March 17, 2010."

It is the relator's burden to provide this Court with a sufficient petition and record to establish her right to mandamus relief. *See generally* TEX. R. APP. P. 52. Specifically, for instance, the relator must file an appendix with the petition for writ of mandamus, and the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

appendix must include, inter alia, a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See id.* 52.3(k). The relator must also file a record including a "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See id.* 52.7(a). Further, relator must file a certification with the petition for the petition for writ of mandamus stating that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j). Finally, the petition for writ of mandamus must contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See id.* 52.3(h).

In the instant case, relator has failed to meet these requirements and has thus failed to provide this Court with a petition and record sufficient to establish her right to mandamus relief. Specifically, for instance, relator has failed to include in her record any of the underlying pleadings in this case and has cited only one rule of civil procedure in support of her position. Moreover, based on the incomplete record provided, the Court cannot ascertain whether the requested relief has been rendered moot.

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and the motion to stay proceedings, is of the opinion that relator has not shown herself entitled to the relief sought. The petition for writ of mandamus and motion to stay proceedings are DENIED without reference to the merits. *See id.* 52.8(a).

PER CURIAM

Delivered and filed
the 18th day of March, 2010.